This is a suit by a former Navy officer for disability retirement pay. It comes before us on cross-motions for summary judgment. Oral argument has been had and we have also considered the written submissions. We decide that we must remand the case for a full hearing and redetermination.
This much appears clearly from the present record: — Plaintiff, a medical doctor, served on active duty as a Lieutenant Commander of the Navy medical corps from May 1, 1966 through April 30, 1968, when he was discharged honorably (at the end of his term of service), without entitlement to disability retirement. Some five months previously (November 1967), he suffered injuries from a fall while riding a horse, and was treated for those injuries. The Navy doctors considered his injuries to be only trauma and muscle contusions of the abdominal wall; it appears that during his remaining five months on active service Dr. Lord had (and sought Naval medical help for) back, flank and leg pains, had difficulty. voiding, and developed a urinary tract infection. At a physical examination shortly before discharge (apparently in connection with a hernia operation) he was pronounced in good physical and mental health. He did not have or apparently ask for a Physical Evaluation Board at that time.
Some time later, plaintiff began to suspect strongly that his injuries were more serious, and from that time on he consulted several doctors, underwent further tests, and had an operation. He has presented to us a considerable body of *694 medical materials (in the form of medical reports, affidavits, and statements) showing that when he was thrown from the horse in November 1967 he suffered, not merely trauma and injury to the abdominal wall, but a compression fracture of a spinal vertebra, leading to serious and chronic neurological bladder and other difficulties through injury of peripheral nerves. He applied for Veterans Administration benefits in January 1972 and received a service-connected disability rating of 70%; this was later raised to 80%. Plaintiff claims that a Department of Defense directive includes his condition as one normally rendering a service member physically unfit for further duty.
In March or April 1974 plaintiff applied to the Board for Correction of Naval Records for a determination that he should have been retired for physical disability.[1] After receiving generalized and conclusory determinations adverse to plaintiff from the Central Physical Evaluation Board, the Physical Review Council, and the Naval Physical Disability Board, the Correction Board refused (in May 1975), without a hearing, to correct Dr. Lord’s records to show entitlement to disability retirement. The Board’s letter to plaintiff is wholly general and without any specific findings or detail, saying no more than that "insufficient evidence has been presented to indicate probable material error or injustice.” Plaintiffs requests for reconsideration by the Board were unavailing (no hearing was held). The Board letter to plaintiff of October 27, 1977 was hardly more informative than the earlier ones. The only matter of any substance which was added was the general statement that "Cases such as yours, where conditions are traceable to active military service, are appropriately adjudicated by the Veterans Administration as that agency is not bound to the requirement of finding an individual to be unfit for military service before awarding disability benefits.”
We are wholly unable to decide whether the Correction Board (and the other naval boards it consulted) (a) determined that, despite plaintiffs strong showing in support of a more serious injury, the original naval diagnosis of *695 trauma and injury to the abdominal wall was upheld, and such injury would not be unfitting for service, or (b) whether it was determined that plaintiff did in fact suffer the more serious compression fracture of a vertebra with peripheral nerve injury but that such injury was not sufficient in the circumstances to be disabling when he was discharged in 1968.[2] Moreover, the Correction Board’s formal and conclusory determinations do not give us any satisfactory assurance, in the light of the strength of the materials plaintiff has presented, that the Board properly considered this case in the light of all the standards properly governing this case.
In this connection, we cannot decide whether (as plaintiff specifically contends) the Correction Board relied on certain provisions of Department of Defense memoranda relating to special review of disability retirements for medical corps officers; imposing on servicemen being processed for separation for reasons other than physical disability "a presumption that the member is fit for duty” arising from "his continued performance of duty until he is scheduled for separation for [such] other purposes”; and that "[w]hen the member’s referral for physical evaluation is related to physical examinations given as a part of non-disability retirement processing, evidence must be clear and convincing to overcome the presumption of fitness,” while in other cases the presumption of fitness may be overcome by a "preponderance of the evidence.” The Defense directive as to non-disability separations was questioned in our recent order in Davidson v. United States, 222 Ct.Cl. 674 (1980), seeking further information on its standards, and we have similar problems if the directives were considered by the Correction Board to be applicable to this plaintiffs case.
In this situation, we can give very little weight to the Correction Board’s past determinations and therefore cannot grant defendant’s motion for summary judgment which relies almost entirely on the Board’s conclusory rulings *696 (and does not otherwise contest Dr. Lord’s medical presentation).
We are likewise unwilling to grant plaintiffs crossmotion for summary judgment in the absence of more proof that plaintiffs asserted injuries, assuming as we must on the present record that those injuries existed in 1968, rendered him unfit for duty at that time. Such injuries might well be sufficiently disabling even if not recognized at the time(cf. Harper v. United States, 159 Ct. Cl. 135, 310 F.2d 405 (1962); Walters v. United States, 175 Ct. Cl. 215, 224-28, 358 F.2d 957, 962-64 (1966); Farrar v. United States, 173 Ct. Cl. 1008, 358 F.2d 965 (1965), and cases cited), but it could also be that this was not so. See, e.g., Stone v. United States, 160 Ct. Cl. 128 (1963). The materials now before us are not enough for a proper decision. A fuller ventilation of the problem is necessary to determine the question.
Plaintiff has expressly asked that, if we find (as we do) a full trial or hearing to be necessary, we remand to the Navy Correction Board rather than remand to our Trial Division. We accede in this instance to the claimant’s request without indicating in any way that a remand to the Trial Division would be incorrect or inappropriate, and without establishing any practice or precedent for comparable cases in which a full trial or hearing is necessary but in which the claimant has not asked for a remand to the Correction Board (or to a military department).
On remand, the Navy Correction Board will grant a full hearing to plaintiff of the kind it proffers in those instances in which it decides to hold a full hearing, but the Board will not unnecessarily require the actual presence of the witnesses whom plaintiff does not desire to call if the Board is satisfied with the witnesses’ affidavits, statements, or reports without need for personal appearance. The Board will make adequately detailed findings at the conclusion of its deliberations.
If the Board relies, on remand, upon the standards set forth in the directive issued by the Secretary of Defense in January 1973 (discussed above and in Davidson v. United States, supra), the Board should answer the following questions:
*697 1. Whether, absent the Secretary of Defense’s directive and its implementation by the Navy, the Correction Board will still deem plaintiff to have been fit for duty at the time of his separation.
2. What is the distinction in this case between "preponderance” of the evidence and "clear and convincing” evidence.
If the Board does rely on or use those standards in the Defense directive, the court would also appreciate (but does not require) any discussion the Board sees fit to include as to the justification for erecting more rigid standards of proof of medical unfitness in the case of persons like plaintiff being separated at the conclusion of their service.
It is therefore ordered that the cross-motions for summary judgment are both denied and the case is remanded to the Board for Correction of Naval Records for further proceedings pursuant to this order. Proceedings in this court are meanwhile stayed for a period of six months. See Rule 149. Counsel for plaintiff is designated under Rule 149(f) to advise the court by letter to the trial judge to whom this case is assigned of the status of proceedings on remand. See also Rule 150.

 Our understanding is that plaintiff supplied to the Correction Board practically all the medical statements and reports which have been presented to us.

 Plaintiff was not examined by Navy physicians in connection with his Correction Board applications, nor has he been examined by Navy doctors since his release from active duty in April 1968. He did not appear personally before any of the Navy boards which considered his requests to the Correction Board.